[No. 34912. Department Two. July 23, 1959.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN TANNER, *Appellant*.[1]

*Paul B. Fournier*, for appellant.

*James J. Solan* and *L. Edward Brown*, for respondent.

FINLEY, J.—Defendant was charged with the crimes of (1) indecent liberties, (2) carnal knowledge, and (3) incest, with a female child under the age of fifteen years. The alleged victim was defendant's daughter.

Before the jury was impaneled, counsel for defendant directed the attention of the trial judge to the fact that defendant's wife was listed as a witness to be called by the State. At that time, defense counsel sought by motion on the ground of privilege to exclude defendant's wife from testifying. The trial court ruled that the motion would have to be made at the time the wife was called to testify.

During the trial, Mrs. Tanner was called as a witness for the State. In the course of her testimony, the only objection made by counsel for defendant was that some of the matters she was relating pertained to confidential communications between husband and wife. The trial court ruled to the contrary, and Mrs. Tanner was permitted to testify.

The jury found the defendant guilty of the three crimes charged. He has appealed, assigning error to the trial court's ruling which permitted his wife to testify against him.

Appellant bases his claim of error upon RCW 5.60.060, and relies upon the decisions of this court construing certain provisions of the statute. RCW 5.60.060 provides, in part, that

"(1) A husband shall not be examined for or against his wife, without the consent of the wife, nor a wife for or against her husband without the consent of the husband; nor can either during marriage or afterward, be without the consent of the other, examined as to any communication made by one to the other during marriage. . . ."

At the time of the trial, Mrs. Tanner and appellant were husband and wife. Thus, it is the first portion of RCW

5.60.060 with which we are concerned. Interpreting this portion of the statute in *State v. McGinty*, 14 Wn. (2d) 71, 126 P. (2d) 1086, the court stated "that the statute does not absolutely disqualify one spouse from testifying for or against the other, but, rather, confers a privilege which is personal to the one asserting it." However, it is well established that, once the privilege is asserted, one spouse is then incompetent to testify for or against the other as to *all* matters, and the restriction is not limited merely to confidential communications between them. The second portion of RCW 5.60.060 does relate to confidential communications, but appellant in the present case is entitled to the broader protection afforded him by the first part of the statute.

■■■ The State contends that counsel for appellant did not make the proper objection when Mrs. Tanner was called to the stand; that, consequently, appellant should be deemed to have waived the privilege. This overlooks the fact that, prior to the trial, appellant asked the court to strike Mrs. Tanner's name from the list of the State's witnesses. Such action is definitely inconsistent with waiver or consent by the appellant respecting testimony by the wife. It clearly was erroneous when the trial court ruled that objection to the wife's testimony had to be made in the presence of the jury. In *State v. McGinty, supra,* the court said:

" . . . However, the court has definitely frowned upon the practice of calling as a witness the wife of the defendant in a criminal case for the purpose of compelling him to make an objection to her competency."

In *State v. Swan*, 25 Wn. (2d) 319, 171 P. (2d) 222, we likened the privilege afforded a defendant by RCW 5.60-.060 to that privilege afforded him under Art. I, § 9, of the Washington state constitution. As to the latter privilege, it is of course well established that it is prejudicial error in a criminal case for the State to call a defendant and force him to claim the privilege against self incrimination. In reviewing the problem of self incrimination, the court, in *State v. Jackson*, 83 Wash. 514, 145 Pac. 470, said:

"The reasoning to sustain this principle lies in this: That the state is not put to the necessity, neither will it be permitted to put an inference of guilt which necessarily flows from an imputation that the accused person has suppressed or is withholding evidence, when the constitution provides that no person shall be compelled to give evidence against himself. Not being bound to produce evidence against himself, the demand is futile and can serve no purpose, except to put defendant in a false light before the jury and compel him to defend himself against the inferences arising from a collateral circumstance and to the stress of extricating himself from a position in which the constitution says he shall not be placed."

It seems to us that the reasoning of the court in the *Jackson* case is sound, and that it applies with equal force to the problem in the instant case.

Defense counsel's actions at the outset of the trial, prior to the impaneling of the jury, made it clear that appellant claimed the full protection of the statute as to his wife testifying against him. When, despite this, the State called Mrs. Tanner to the stand, and the trial court permitted it, the net result was to force appellant to elect either to acquiesce respecting her testimony or to object in the presence of the jury. One specific purpose of the statute is to protect a defendant against just such a dilemma; consequently, under the circumstances herein, prejudicial error occurred at the point when the wife was called by the State and was permitted by the trial judge to take the witness stand. When appellant made the proper objection at the proper time—*i.e.*, at the outset of the trial—that should have been sufficient. It was immaterial that thereafter the objection by defense counsel to the testimony of Mrs. Tanner was limited solely to the ground that such testimony came within the rule respecting confidential marital communications.

The judgment should be reversed and the cause remanded for a new trial. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.